IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SIMS JAMES POPE, JR. )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN GRADY PERRY and )<br>BRIAN OWENS, COMMISSIONER )<br>)<br>Respondent. ) | CIVIL ACTION NO.: CV 615-08 |

## O R D E R

Petitioner, an inmate at Coffee Correctional Facility in Nicholls, Georgia, has filed an action under 28 U.S.C. § 2254 contesting the legality of his confinement. Petitioner is confined as a result of a conviction obtained in the Superior Court of Jenkins County, Georgia. Petitioner has paid the $5.00 filing fee. The Court *sua sponte* adds Brian Owens, Commissioner of the Georgia Department of Corrections as a respondent, as he is the state officer having custody of Petitioner.

IT IS HEREBY ORDERED that Respondents make answer in writing to the allegations of the petition by filing same with the clerk of this court within sixty (60) days after service of this Order. The answer must comply with Rule 5, 28 U.S.C. § 2254. Specifically, the answer shall include the following:

(1) trial transcript of Petitioner's state court conviction;

(2) transcript of Petitioner's state *habeas corpus* hearings;

(3) copy of the decision of the state *habeas corpus* courts; and,

(4) if the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

All of the submitted transcripts shall be certified. Either with the filing of the answer or within fifteen (15) days after the answer is filed, the Respondents shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.

In accordance with <u>Rodriguez v. Fla. Dep't of Corr.</u> __ F.3rd, 2014 WL 1344466 (11th Cir. Apr. 7, 2014), Respondent is directed to serve upon Petitioner a copy of all documents referenced or cited to in the Answer and/or Motion to Dismiss.

Respondent shall submit his brief of law within the aforementioned time period. Petitioner shall submit his brief within thirty (30) after the filing of Respondent's brief. The briefs of law shall be no longer than twenty-five (25) typewritten pages double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, 28 U.S.C. § 2254 (1977). Unless and until Petitioner demonstrates to this Court that the state *habeas* court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state *habeas* court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of Petitioner's *habeas* petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

After the filing of the answer and the motion to dismiss, the court will then give consideration to the petition and to the answer and will determine whether to grant the writ, deny the writ, or set the matter down for hearing.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order upon the Petitioner. Additionally, a copy of the petition and a copy of this Order shall be served upon the Respondent by certified mail, return receipt requested. The Clerk is further

AO 72A
(Rev. 8/82)

directed to serve a copy of the petition and a copy of this Order upon Paula K. Smith, Senior Assistant Attorney General of the State of Georgia by first class mail.

<u>Petitioner is cautioned that while this action is pending, Petitioner **shall** immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case, without prejudice.</u>

**SO ORDERED**, this 29th day of January, 2015.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)