# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| SIMS JAMES POPE, JR., | |
| Petitioner, | CIVIL ACTION NO.: 6:15-cv-8 |
| v. | |
| WARDEN GRADY PERRY; and HOMER BRYSON, | |
| Respondents. | |

## ORDER and REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's failure to comply with the Court's Order of July 2, 2015. (Doc. 5.) For the following reasons, I **RECOMMEND** that Plaintiff's claims, (doc. 1), be **DISMISSED without prejudice** for failure to prosecute. I further **RECOMMEND** that Plaintiff be denied a certificate of appealablity and denied leave to appeal in forma pauperis.

## BACKGROUND

Petitioner Sims James Pope, Jr. filed this action, pursuant to 28 U.S.C. § 2254, on January 29, 2015, seeking to attack his conviction in the Superior Court of Jenkins County Georgia for failing to update his sex offender registration. (Doc. 1.) On July 20, 2015, the Court issued an Order detailing Petitioner's failure to comply with this Court's Orders and warnings. Specifically, the Court noted that in its first Order in this action, the Court warned Petitioner that he must inform the Court immediately upon any change of his address and that his "failure to do

so will result in dismissal of this case, without prejudice." (Doc. 3, p. 3.) While Petitioner has updated the Court of changes in his address at times in this action, he has recently failed to do so. The Court mailed a Notice to Petitioner on April 20, 2015 at his latest address of record. (Doc. 17.) However, that mail was returned to the Clerk as undeliverable on May 7, 2015. (Doc. 18.) Additionally, the Court noted that Respondents had filed a Motion to Dismiss this case without prejudice for Petitioner's alleged failure to exhaust his administrative remedies, and that Petitioner's response to that Motion was largely nonsensical.

Due to these deficiencies, the Court ordered Petitioner to provide an updated mailing address and to respond to the Motion to Dismiss within fourteen days. (Doc. 20.) Petitioner has not followed those directives. Indeed, he has not taken any action in this case since April 20, 2015.

## DISCUSSION

The Court must now determine how to address Petitioner's failure to follow this Court's Orders. For the reasons set forth below, I recommend that Petitioner's Petitioner be dismissed and that he be denied a certificate of appealability and denied leave to appeal in forma pauperis.

### I. Dismissal for Failure to Prosecute and Follow this Court's Orders

A district court may dismiss a party's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)")[1] and the court's inherent authority to manage its docket. Link v. Wabash Railroad Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the

---

[1] The Federal Rules of Civil Procedure may be applied to this matter pursuant to Rule 12 of the Rules Governing Section 2254 Cases.

2

involuntary dismissal of a party's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahasse Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute where plaintiff did not respond to court order to supply

defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been specifically directed to keep this Court apprised of his current address, Petitioner has failed to do so. Without any way to contact Petitioner, the Court cannot adjudicate his claims. Moreover, despite having been given every opportunity, Petitioner has not provided an adequate response to the Motion to Dismiss. Additionally, with Petitioner not having taken any action on this case for over five months, he has failed to diligently prosecute his claims. Thus, Petitioner has demonstrated a clear record of delay and disregard for this Court's Orders, and a sanction other than dismissal will not suffice to remedy his deficiencies.

For these reasons, Petitioner's Section 2254 Petition, (doc. 1), should be **DISMISSED** without prejudice for failure to prosecute and follow Court this Orders, and this case should be **CLOSED**.

**II.     Leave to Appeal In Forma Pauperis and Certificate of Appealability**

The Court should also deny Petitioner leave to appeal in forma pauperis and deny him a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also,

FED. R. APP. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken in forma pauperis if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district

court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth above, there are no issues worthy of a certificate of appeal, and, therefore, the Court should **DENY** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should, likewise, be **DENIED**.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that this action be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further recommend that the Court deny Petitioner a certificate of appealability and deny him leave to proceed in forma pauperis on appeal. Any pending Motions should be **DENIED AS MOOT**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of

6

those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED** and **RECOMMENDED**, this 13th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA